Scott, J. We find no error in this record relating to the instructions given by the court below, to that refused, or to that asked and omitted to be given from having been overlooked, as shown in the bill of exceptions. The instructions given were proper under the evidence: that asked and refused was properly refused. Fraud will never be presumed in a court of law, although a somewhat different rule prevails in a court of equity; but even there, where an act does not necessarily import fraud, and may have as well occurred from good as bad motives, fraud will not be inferred. 8 Peters, 253. The instruction asked to be given, but omitted by oversight, was embraced in those that were given to the jury. The verdict and judgment seem clearly warranted by the law and the testimony. A purchase and sale, upon an adequate and valuable consideration, accompanied by a bona fide change of property and possession, are clearly established by the testimony. Of such a contract, without proof of fraud in which both parties participated, it cannot be predicated that it was made with intent to hinder, delay, or defraud creditors, within the meaning of the statute, which has been universally considered as but an exposition of the common law. Wheaton vs. Sexton, 4 Wheat. R. 503. Sands vs. Hilbrealh, 14 John. 498. All the circumstances of this case, insisted on as tending to show such fraudulent intent, have been passed upon by a jury properly instructed, who have determined by their verdict against the supposed fraud; and, after looking cLosely at the evidence, we see no reason to disturb the verdict and judgment. The plaintiff had full knowledge of a desired purchase, — was advised of the progress of the negotiation to effect it. The evidence shows a Iona fide desire to purchase the property, an actual purchase for an adequate price, on which a large portion of the purchase money was paid down, and a note given for .$1,635 75, the residue, due some months after date. The note, (leaving out of view the consideration that the money paid was a substitute for the property,) added to the land and the other property shown by the testimony not to have been sold by Moseley, seeming amply sufficient to satisfy the debt of Dar-denne, fully rebuts any circumstances in proof going to • show, on the part of the purchaser, any participancy in any fraud that might have been intended by Moseley. In our opinion, therefore, the motion íor a new trial was properly overruled, and the judgment of the court below must be affirmed with costs.